1  JAY IAN ABOUDI (SBN: 251984)
   THE LAW OFFICE OF JAY IAN ABOUDI
2  1855 Olympic Blvd., Ste. 210
   Walnut Creek, CA 94596
3  Telephone: (925) 465-5155
   Facsimile: (925) 465-5169
4  E-mail: jay@aboudi-law.com

5  Attorney for Defendants
   OAKLAND MARITIME SUPPORT
6  SERVICES, INC. and WILLIAM ABOUDI

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 NORTHERN CALIFORNIA RIVER WATCH,        Case No.: 4:10-cv-3912 CW
   a non-profit corporation; TEAMSTERS
12 LOCAL 70, a labor organization; and EAST  **STIPULATED PROTECTIVE ORDER**
   BAY ALLIANCE FOR SUSTAINABLE
13 ECONOMY, a non-profit organization,

14                  Plaintiffs,

15     v.

16 OAKLAND MARITIME SUPPORT
   SERVICES, INC., a corporation; WILLIAM
17 ABOUDI, an individual; and JORGE
   GONZALEZ RIVERA d.b.a. CHRISTIAN
18 BROTHERS TRUCK SERVICES, an
19 individual; CITY OF OAKLAND, a
   municipality; REDEVELOPMENT AGENCY
20 OF THE CITY OF OAKLAND, a local public
   agency; and COMMUNITY AND ECONOMIC
21 DEVELOPMENT AGENCY, a public agency,

22                  Defendants.

23

24     Subject to the approval of this Court, the parties hereby stipulate to the following

25 protective order:

26     1. In connection with discovery proceedings in this action, the parties may designate any

27 document other information derived therefrom, as "Confidential" under the terms of this

28 Stipulated Protective Order (hereinafter "Order"). Confidential information is information which

-1-
**STIPULATED PROTECTIVE ORDER**

1  has not been made public and which concerns or relates to the processes, operations, type or
2  work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of
3  customers, inventories, amount or source of any income, profits, losses, or expenditures of any
4  persons, firm, partnership, corporation, or other organization, the disclosure of which
5  information may have the effect of causing harm to the competitive position of the person, firm,
6  partnership, corporation, or to the organization from which the information was obtained.

7     By designating a document or other information derived therefrom as "confidential,"
8  under the terms of this order, the party making the designation is certifying to the court that there
9  is a good faith basis both in law and in fact for the designation within the meaning of Federal
10 Rule of Civil Procedure 26(g). As a result, such documentation shall be maintained in
11 confidence, shall be used only in connection with this litigation, and not for any commercial or
12 business purpose, and shall not be shared with any third parties except for persons retained or
13 specially employed for trial preparation purposes as required by Rule 26.

14    2. Confidential documents shall be so designated by stamping copies of the document
15 produced to a party with the legend "CONFIDENTIAL." Stamping the legend
16 "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the
17 document as confidential, unless otherwise indicated by the producing party.

18    3. Material designated as confidential under this Order, the information contained
19 therein, and any summaries, copies, abstracts, or other documents derived in whole or in part
20 from material designated as confidential (hereinafter "Confidential Material") shall be used only
21 for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

22    4. Confidential Material produced pursuant to this Order may be disclosed or made
23 available only to the Court, to counsel for a party (including the paralegal, clerical, and
24 secretarial staff employed by such counsel), and to the "qualified persons" designated below:

25    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel
26    to aid in the prosecution, defense, or settlement of this action;
27    (b) experts or consultants (together with their clerical staff) retained by such counsel to
28    assist in the prosecution, defense, or settlement of this action;

1       (c) court reporter(s) employed in this action;

2       (d) a witness at any deposition or other proceeding in this action; and

3       (e) any other person as to whom the parties in writing agree.

4   Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7   5. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

17   6. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

21   7. If Confidential Material designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and filed under seal until further order of this Court.

24   8. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

27   9. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential

1  or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c)
2  for a separate protective order as to any particular document or information, including
3  restrictions differing from those as specified herein. This Order shall not be deemed to prejudice
4  the parties in any way in any future application for modification of this Order.

5      10.  This Order is entered solely for the purpose of facilitating the exchange of documents
6  and information between the parties to this action without involving the Court unnecessarily in
7  the process. Nothing in this Order nor the production of any information or document under the
8  terms of this order nor any proceedings pursuant to this Order shall be deemed to have the effect
9  of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality
10  of any such document or information or altering any existing obligation of any party or the
11  absence thereof.

12      11.  This Order shall survive the final termination of this action, to the extent that the
13  information contained in Confidential Material is not or does not become known to the public,
14  and the Court shall retain jurisdiction to resolve any dispute concerning the use of information
15  disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and
16  return to each other all documents and material designated as confidential and all copies of same,
17  or shall certify the destruction thereof.

18  Dated: June 2, 2011

19          /s/ Jay Ian Aboudi
20          JAY IAN ABOUDI
        Attorney for Defendants
21          OAKLAND MARITIME SUPPORT
        SERVICES, INC. and WILLIAM ABOUDI
22  Dated: June 2, 2011

23          /s/ Douglas J. Chermak (as authorized on 6/2/11)
24          DOUGLAS J. CHERMAK
        Attorney for Plaintiffs

25  **APPROVED AND SO ORDERED**:  **But see Local Rule 79-5**

26  Dated: June _7_, 2011

27          Hon. Claudia Wilken
        United States District Court Judge
28

Attachment A

<u>NONDISCLOSURE AGREEMENT</u>

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated protective Order entered in <u>Northern California River Watch, et al. v. Oakland Maritime Support Services, Inc., et al.</u>, United States District Court for the Northern District of California, Civil Action No. 4:10-cv-3912 CW, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____, 2011

/s/ _____

-5-
**STIPULATED PROTECTIVE ORDER**