United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>OAKLAND MARITIME SUPPORT SEVICES, INC.,<br><br>Defendants. | Case No.: 10-cv-3912 CW (JSC)<br><br>**ORDER RE: PLAINTIFFS' MOTIONS TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT REDEVELOPMENT AGENCY OF THE CITY OF OAKLAND (Dkt. Nos. 49 & 52)** |

Now pending before the Court are Plaintiffs' Motions to Compel and for Sanctions against Defendant Redevelopment Agency of the City of Oakland ("Redevelopment"). Having considered the papers and the argument of the parties, the Court DENIES both motions as to Defendant Redevelopment.

## PROCEDURAL HISTORY

On August 29, 2011, Plaintiffs filed Motions to Compel and for Sanctions relating to discovery disputes, including a Federal Rule of Civil Procedure 34 site inspection. Defendant Redevelopment filed an opposition to the Motions. Defendants Oakland Maritime Support Service, Inc. ("OMSS") and William Aboudi ("Aboudi"), who are

represented by counsel separate from Defendant Redevelopment, filed a Motion for an Extension of Time to respond to the Motions based on Defendants' counsel's need to withdraw as counsel of record as a result of a medical condition. Plaintiffs opposed the motion for an extension of time. Even after being ordered to meet and confer with Defendants' counsel, Plaintiffs refused to agree to an extension of time for Defendants' response to the motions to allow Defendants to find new counsel. (Dkt. No. 69). The Court granted Defendants' motion for an extension of time on September 30, 2011 and continued the hearing to November 17, 2011 to give Defendants time to find new counsel. On October 6, 2011, the Motions to Compel and for Sanctions as to Defendant Redevelopment came before the Court for hearing. This order follows.

## DISCUSSION

This dispute in this CERCLA action centers around a site inspection originally scheduled to occur on May 27, 2011. Plaintiffs served a Notice of Site Inspection on Defendants on March 23, 2011. Defendant Redevelopment is the leaseholder for the property at issue and Defendants OMSS and Aboudi are the tenants. Defendant Redevelopment did not object to the site inspection. Defendants Aboudi and OMSS apparently had some concerns regarding the site inspection and met and conferred with Plaintiffs regarding the inspection; Redevelopment was not a party to this meet and confer process. On May, 26, 2011, Redevelopment was notified that the site inspection had been cancelled.

Plaintiffs' motions to compel and for sanctions against Redevelopment are based on the theory that Redevelopment, as the landlord, is authorized under its lease agreement with the other Defendants to allow Plaintiffs onto the property to conduct a site inspection over the tenant Defendants' objections. Plaintiffs did not cite to any legal authority for this proposition, and in fact, at the hearing Plaintiffs admitted that their argument was not based on any legal authority, but merely on the terms of the lease agreement.

The Court finds Plaintiffs' arguments unpersuasive. In the absence of any legal authority, the Court declines to order Defendant Redevelopment to comply with the site

inspection notice over the tenants' objections especially where both of the tenants are unrepresented by counsel and one cannot represent itself in these proceedings. See Civ. L. Rule 3-9(b); Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993).

Plaintiffs have not articulated any irreparable prejudice that will occur by delaying the site inspection until after the November 17, 2011 hearing by which time Defendants OMSS and Aboudi should have new counsel. Although the inspection was to have taken place in May, Plaintiffs waited until the end of August to file a motion to compel, and discovery does not close until June 2012. Accordingly, the Court finds that Plaintiffs have failed to demonstrate any exceptional circumstances that would justify the rather extraordinary relief sought of requiring a landlord to permit a third party to enter a tenants' property over the tenants' objection during a time when the tenant is unrepresented by counsel due to no fault of the tenant.

## CONCLUSION

Defendant Redevelopment's Motion for Order Deeming Opposition to Motion to Compel and Motion for Sanctions Timely Filed (Dkt. No. 64) is GRANTED. Plaintiffs' Motions to Compel and for Sanctions against Defendant Redevelopment (Dkt. Nos. 49 & 52) are DENIED.

Plaintiffs' Motions to Compel and for Sanctions as to Defendants Aboudi and OMSS remain on calendar for November 17, 2011.

**IT IS SO ORDERED.**

Dated: October 6, 2011

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE