```
 1
 2   Michael R. Lozeau (State Bar No. 142893)
     Richard T. Drury (State Bar No. 163559)
 3   Douglas J. Chermak (State Bar No. 233382)
     LOZEAU DRURY LLP
 4   410 12th Street, Suite 250
     Oakland, CA 94607
 5   Tel: (510) 836-4200
     Fax: (510) 836-4205 (fax)
 6   E-mail: michael@lozeaudrury.com
             doug@lozeaudrury.com
 7
     Attorneys for Plaintiffs
 8   NORTHERN CALIFORNIA RIVER WATCH,
     TEAMSTERS LOCAL 70, and EAST BAY
 9   ALLIANCE FOR A SUSTAINABLE ECONOMY
```

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation; TEAMSTERS LOCAL 70, a labor organization; and EAST BAY ALLIANCE FOR SUSTAINABLE ECONOMY, a non-profit organization,<br><br>Plaintiffs,<br><br>v.<br><br>OAKLAND MARITIME SUPPORT SERVICES, INC., a corporation; WILLIAM ABOUDI, an individual; and JORGE GONZALEZ RIVERA d.b.a. CHRISTIAN BROTHERS TRUCK SERVICES, an individual; and REDEVELOPMENT AGENCY OF THE CITY OF OAKLAND, a local public agency;<br><br>Defendants. | Case No.: 4:10-cv-3912 CW-JSC<br><br>**STIPULATION REGARDING RULE 34 REQUEST FOR ENTRY UPON LAND FOR INSPECTION AND STIPULATED PROTECTIVE ORDER** |

**WHEREAS**, On March 23, 2011, Plaintiffs served upon Defendant OAKLAND MARITIME SUPPORT SERVICES, INC. ("OMSS") and WILLIAM ABOUDI ("Aboudi") a Request for Entry Upon Land for Inspection and Other Purposes pursuant to Rule 34 of the Federal Rules of Civil Procedure. Specifically, Plaintiffs seek to enter the premises at 11 Burma Road in Oakland, California ("the Facility") to inspect, measure, survey, photograph, test,

-1-
**STIPULATION AND STIPULATED PROTECTIVE ORDER**

videotape, or sample soil, materials, product, or runoff that may contribute pollutants to storm drains on or adjacent to the Facility.

**NOW THEREFORE**, the parties hereto, in order to facilitate discovery in this case, hereby stipulate to the following:

1. OMSS and Aboudi will agree to Plaintiffs' request for an inspection. Such inspection shall take place during the next two weeks or soon thereafter as can be scheduled by the parties. The parties, including OMSS and City of Oakland Redevelopment Agency will be given split samples of any runoff taken during the inspection; and OMSS may take photographs and video tape the inspections performed pursuant to this request.

2. The parties agree to exchange the results of any testing performed during the inspection, along with all photographs or videotapes, 30 (thirty) days prior to the submission of the written reports required pursuant to Fed. Rule Civ. Pro. 26(a)(2) and the Court's case management order dated March 8, 2011, or any subsequent modifications of that deadline that the Court should order.

3. This Stipulation and Order shall not be construed as a waiver by any party of any objections which might be raised as to the admissibility of any evidentiary material.

**FURTHER**, subject to the approval of this Court, the parties hereby stipulate to the following interim protective order regarding the inspection as follows:

4. Defendant contends that all information and material collected as a result of inspection and testing at the Facility are proprietary in nature and constitute trade secrets. As a result, the parties agree, subject to the limitations and procedures set forth below, that such information, material, and documentation shall be maintained in confidence, shall be used only in connection with this litigation, and not for any commercial or business purpose, and shall not be shared with any third parties except for persons retained or specially employed for trial preparation purposes as required by Rule 26.

5. This stipulated interim protective order shall expire as of the date of service of the written reports prepared for this litigation pursuant to Fed. Rule Civ. Pro. 26(a)(2) including information and material collected during the site inspection. Within 14 (fourteen) days of

1 receipt of the photographs or video obtained by plaintiff during the site inspection pursuant to
2 Paragraph 4 above, Defendants shall specify which, if any, photographs or video it believes
3 qualifies as a protected trade secret or proprietary material that should be subject to any
4 protective order and provide Defendants' rationale that a protective order is appropriate.  Within
5 14 (fourteen) days of defendant's receipt of analytic results, photographs, or video obtained by
6 Plaintiffs during the site inspection pursuant to Paragraphs 1-3 above, Plaintiffs and Defendants
7 OMSS and Aboudi shall meet and confer to determine whether the parties agree certain
8 information should be subject to a protective order.  If the parties cannot agree that some or all of
9 the information identified by defendant should be subject to a protective order, Defendants may
10 file a motion with the Court requesting a protective order.  Such motion shall be filed within 7
11 (seven) days after the expiration of the meet and confer process.  No information or
12 documentation identified by Defendants as trade secret or proprietary shall be disclosed until
13 such time that this court may issue a ruling on a motion for a protective order brought by
14 Defendants', if any such motion is made.

Dated: November 9, 2011

/s/ *Douglas J. Chermak*
DOUGLAS J. CHERMAK
Attorney for Plaintiffs

Dated: November 9, 2011

/s/ *Meredith E. Brown*
(as authorized on 11/8/11)
MEREDITH E. BROWN
Attorney for Defendants
OAKLAND MARITIME SUPPORT
SERVICES, INC. and WILLIAM ABOUDI

**PURSUANT TO STIPULATION, IT IS SO ORDERED**:

Dated: November _9_, 2011

Hon. Jacqueline Scott Corley
United States Magistrate Judge

-3-
**STIPULATION AND STIPULATED PROTECTIVE ORDER**