Michael R. Lozeau (State Bar No. 142893)
Richard T. Drury (State Bar No. 163559)
Douglas J. Chermak (State Bar No. 233382)
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Tel: (510) 836-4200
Fax: (510) 836-4205 (fax)
E-mail: michael@lozeaudrury.com
        doug@lozeaudrury.com

Attorneys for Plaintiffs
NORTHERN CALIFORNIA RIVER WATCH,
TEAMSTERS LOCAL 70, and EAST BAY
ALLIANCE FOR A SUSTAINABLE ECONOMY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation; TEAMSTERS LOCAL 70, a labor organization; and EAST BAY ALLIANCE FOR A SUSTAINABLE ECONOMY, a non-profit organization, <br><br> Plaintiffs, <br><br> v. <br><br> OAKLAND MARITIME SUPPORT SERVICES, INC., a corporation; WILLIAM ABOUDI, an individual; and JORGE GONZALEZ RIVERA d.b.a. CHRISTIAN BROTHERS TRUCK SERVICES, an individual; REDEVELOPMENT AGENCY OF THE CITY OF OAKLAND, a local public agency, and CITY OF OAKLAND, a municipality; <br><br> Defendants. | Case No.: 4:10-cv-3912  CW-JSC <br><br> **STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT; [PROPOSED] ORDER** <br><br><br> Date:  CMC February 26, 2014; Time:  2:00 <br> Courtroom 2, 4th Floor <br><br> Hon. Presiding Judge Claudia Wilken |

**STIPULATION**

**WHEREAS**, Plaintiffs Northern California River Watch, Teamsters Local 70 and East Bay

Alliance For A Sustainable Economy and Defendants Oakland Maritime Support Services, Inc.,

William Aboudi, Oakland Redevelopment Successor Agency, and the City of Oakland

(collectively "Parties), through their authorized representatives and without either adjudication of

1   Plaintiffs' claims or admission by Defendants of any alleged violation or other wrongdoing, have

2   chosen to resolve in full by way of settlement the allegations of Plaintiffs as set forth in the

3   Complaint filed in this action, thereby avoiding the costs and uncertainties of further litigation.

4   A copy of the Settlement Agreement entered into by the Parties is attached hereto as Exhibit A

5   and incorporated herein by reference; and

6   **WHEREAS**, as required by 33 U.S.C. § 1365(c)(3), Plaintiffs submitted the Settlement

7   Agreement via certified mail, return receipt requested, to the U.S. Environmental Protection

8   Agency and the U.S. Department of Justice for review pursuant to 40 C.F.R. § 135.5, and, on

9   February 3, 2014, the Department of Justice filed a letter with the Court indicating that the

10  United States had no objection to the Court's entry of the Consent Agreement;

11  **WHEREAS**, the Parties agree that, in light of the United States not objecting to the

12  Settlement Agreement, this stipulation fulfills the parties' obligation pursuant to Paragraph 3 of

13  the Settlement Agreement to jointly move the Court for approval of the Agreement;

14  **NOW, THEREFORE, IT IS HEREBY STIPULATED** and agreed, by and between the

15  Parties that the Court be requested to issue an order approving the Settlement Agreement

16  attached hereto as Exhibit A.

17  Dated: February 7, 2014

18  /s/ *Michael R. Lozeau*

19  MICHAEL R. LOZEAU
    Attorney for Plaintiffs

20  Dated: February 7, 2014

21  /s/ *Meredith E. Brown*

22  (as authorized on 2/7/2014)
    MEREDITH E. BROWN
    Attorney for Defendants
    OAKLAND MARITIME SUPPORT
    SERVICES, INC. and WILLIAM ABOUDI

28

Dated: February 7, 2014

/s/ *Robert Doty*

(as authorized on 2/7/2014)
ROBERT DOTY
Attorney for Defendants
CITY OF OAKLAND and
REDEVELOPMENT AGENCY OF THE
CITY OF OAKLAND

## ORDER

**WHEREAS**, Plaintiffs Northern California River Watch, Teamsters Local 70 and East Bay Alliance For A Sustainable Economy and Defendants Oakland Maritime Support Services, Inc., William Aboudi, Oakland Redevelopment Successor Agency, and the City of Oakland, collectively referred to herein as "Parties," have entered into the Settlement Agreement attached hereto as Exhibit A;

**WHEREAS**, the Parties have consented to approval of the foregoing Settlement Agreement and request the Court's approval and entry thereof;

**WHEREAS**, on February 3, 2014, the United States Attorney General and the Administrator of the United States Environmental Protection Agency filed correspondence with the Court indicating that the United States has reviewed the Settlement Agreement and does not object to its entry by this Court;

**WHEREAS**, the Court has reviewed the Settlement Agreement, and fully considered all comments received thereon to date from the Parties hereto, the United States Attorney General and the United States Environmental Protection Agency;

**WHEREAS**, the Court has fully considered the Parties' request to approve this Settlement Agreement;

**WHEREAS**, the Court finds the Settlement Agreement to be: (1) fair, adequate and reasonable; (2) consistent with applicable laws; and (3) protective of the public interest; and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREAS**, good cause appearing therefor, this Settlement Agreement is hereby approved.

**IT IS SO ORDERED**.


Dated: February 10, 2014

_____
Hon. Claudia Wilken
United States District Chief Judge

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Northern California River Watch, Teamsters Local 70, East Bay Alliance For A Sustainable Economy, Oakland Maritime Support Services, Inc., William Aboudi, the Oakland Redevelopment Successor Agency, on behalf of Defendant Redevelopment Agency of the City of Oakland, and the City of Oakland (each a "Party" and collectively, the "Settling Parties") with respect to the following facts and objectives:

## RECITALS

**WHEREAS**, Northern California River Watch ("NCRW") is a 501(c)(3) non-profit, public benefit corporation organized under the laws of the State of California, dedicated to the protection, enhancement, and restoration of San Francisco Bay and other California waters;

**WHEREAS**, Teamsters Local 70 ("Teamsters") is a labor organization based in Oakland, California that advocates for the health and well-being of workers throughout the East Bay, including members who live, work and recreate in and around the Port of Oakland area;

**WHEREAS**, East Bay Alliance For A Sustainable Economy ("E-BASE") is a non-partisan, non-profit organization advocating on behalf of workers and their families in the East Bay in order to make their communities vibrant and healthy places to live, work and play;

**WHEREAS**, Oakland Maritime Support Services, Inc. ("OMSS") is a corporation organized under the laws of the State of California that operated a transportation support services facility located at 11 Burma Road in Oakland, California (the "Facility"), a portion of which is subject to State Water Resources Control Board Water Quality Order No. 97-03-DWQ, National Pollutant Discharge Elimination System General Permit No. CAS000001, Waste Discharge Requirements for Discharges of Storm Water Associated with Industrial Activities Excluding Construction Activities (hereinafter, the "General Permit"). A map of the Facility is attached hereto as Exhibit A and incorporated by reference;

**WHEREAS**, William Aboudi is the president and sole shareholder of Oakland Maritime Support Services, Inc. and had day-to-day responsibility for management of the Facility;

1

**WHEREAS**, the Redevelopment Agency of the City of Oakland ("Redevelopment Agency") was a public body, corporate and politic, created pursuant to the California Community Redevelopment Law; was the owner of the real property on which the Facility was located at the time the alleged violations in the 60-day Notice Letters (as defined below) were occurring; but effective February 1, 2012, ceased to exist, by operation of statute, and had its non-housing assets and liabilities transferred, by statute, to the Oakland Redevelopment Successor Agency ("ORSA");

**WHEREAS,** the City of Oakland ("City") is a municipal corporation organized by charter; was originally a defendant in this action; was dismissed without prejudice by stipulation; is now the owner of the real property on which the Facility was located; and received as of late August, 2013, confirmation from the California Department of Finance and/or the State Controller's Office that its ownership of that real property will not be disputed by those state agencies;

**WHEREAS**, Jorge Gonzalez Rivera d.b.a. Christian Brothers Truck Services ("Christian Brothers") is an individual engaged in truck repair and maintenance services at the Facility;

**WHEREAS**, on or about August 8, 2007, OMSS subleased an area of its site to Christian Brothers for a truck maintenance operation;

**WHEREAS**, on or about February 17, 2010, NCRW provided OMSS, William Aboudi, and a number of OMSS subtenants with a Notice of Violation and Intent to File Suit ("60-Day Notice Letter") under Section 505 of the Federal Water Pollution Control Act (the "Act" or "Clean Water Act"), 33 U.S.C. § 1365;

**WHEREAS**, on August 31, 2010, NCRW filed its Complaint in the United States District Court for the Northern District of California against OMSS, William Aboudi, and Christian Brothers (*Northern California River Watch v. Oakland Maritime Support Services, Inc., et al.*, Case No. 4:10-cv-3912 CW-JSC);

**WHEREAS**, on or about September 2, 2010, NCRW, Teamsters and E-BASE (collectively "Plaintiffs") provided OMSS, William Aboudi, Christian Brothers, Redevelopment Agency, the City, the City's Community and Economic Development Agency, and others with

2

an additional Notice of Violation and Intent to File Suit under Section 505 of the Clean Water Act;

**WHEREAS**, on November 2, 2010, Plaintiffs filed a First Amended Complaint adding the Redevelopment Agency, the City, and others as defendants;

**WHEREAS**, on February 23, 2011, Plaintiffs voluntarily dismissed the City and the Community and Economic Development Agency as defendants in the action;

**WHEREAS**, to facilitate implementation of this Agreement the City is (by stipulation and order, unopposed motion to amend, or other mutually acceptable means) being added back as a defendant;

**WHEREAS**, ORSA and the City deny any and all of Plaintiffs' claims in its 60-Day Notice Letters and the First Amended Complaint;

**WHEREAS**, OMSS installed Triton filters in storm drains at the Facility on or around June 15, 2010; filed a Notice of Intent to comply with the General Permit on November 4, 2010; and finalized a Storm Water Pollution Protection Plan ("SWPPP") in May 2012;

**WHEREAS**, on or about January 15, 2012, OMSS installed a berm, pump, filter and oil water separator to collect and treat storm water from the Facility's truck repair and maintenance services area, continued to implement various management measures at the Facility, and has agreed to take additional storm water control measures, as set forth in this Agreement;

**WHEREAS**, the Redevelopment Agency provided support for certain of OMSS' storm water related improvements through rent credits and/or similar accommodations;

**WHEREAS**, OMSS admits that it unknowingly discharged storm water from the Facility's truck repair and maintenance services area without an NPDES permit, however, it has not been determined that said discharge(s) exceed or exceeded any NPDES permit limits, and that from August 8, 2008 through November 3, 2010 it operated in contravention of Section 301(a) of the Clean Water Act by discharging storm water associated with industrial activity from the Facility's truck repair and maintenance services without a NPDES permit and that from November 4, 2010 through January 15, 2012, it operated in contravention of Section 301(a) of

3

the Clean Water Act by failing to implement the Best Available Technology Economically Achievable ("BAT") and Best Conventional Pollutant Control Technology ("BCT") at the Facility's truck repair and maintenance services area;

**WHEREAS**, Christian Brothers did not respond to the First Amended Complaint or otherwise make any appearance in this action;

**WHEREAS,** the Settling Parties engaged in various dispute resolution efforts, culminating with a July 22, 2013 settlement conference supervised by Magistrate Judge Cousins;

**WHEREAS,** in August 2013, the City approved, a lease for an approximately five-acre site in the North Gateway area of the former Oakland Army Base to provide an interim location for OMSS' transportation support services facility (the "Interim Lease"), and the City and OMSS were negotiating a Lease Development Disposition Agreement ("LDDA") pursuant to which OMSS would relocate the Facility on a long-term basis, with the term of that agreement being established in the "LDDA");

**WHEREAS**, the Settling Parties, through their authorized representatives and without adjudication of Plaintiffs' claims or admission by ORSA or the City of any alleged violation or other wrongdoing, have chosen to resolve in full Plaintiffs' allegations in the 60-Day Notice Letters and First Amended Complaint through settlement so as to avoid the cost and uncertainties of further litigation;

**WHEREAS**, the Settling Parties have agreed that it is in their mutual interest to enter into this Agreement setting forth the terms and conditions appropriate to resolving Plaintiffs' allegations set forth in the 60-Day Notice Letters and First Amended Complaint;

**WHEREAS,** in furtherance of this Agreement the Settling Parties have already filed with the District Court (as that term is defined below) a Joint Notice Of Settlement And Request To Vacate Pending Dates And Reset The August 14, 2013, Case Management Conference (the "Joint Notice of Settlement")

**WHEREAS**, the City, Teamsters, and E-BASE are signatories to a December 2012 Cooperation Agreement concerning the Oakland Army Base project and will continue to comply with their obligations thereunder; and,

**WHEREAS**, where a specific party is identified as responsible for carrying out a term or condition of this AGREEMENT, no other party shall be liable for or responsible for complying with such term or condition.  Thus, OMSS is the only party responsible for the compliance provisions set forth at Paragraphs 7 through 11;

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Settling Parties hereby agree as follows:

## EFFECTIVE DATE

1.     The term "Effective Date," as used in this Agreement, shall mean the last date on which the signature of a party to this Agreement is executed.

## COMMITMENTS OF PLAINTIFFS

2.     **Submission Of Settlement For Review By Federal Agencies.**  Plaintiffs shall submit this Agreement to the U.S. EPA and the U.S. Department of Justice (hereinafter, the "Agencies") for review consistent with 40 C.F.R. § 135 via certified mail, return receipt requested, within five (5) days after all counsel have confirmed the agreement is satisfactory as to form, and Plaintiffs and OMSS have executed the Agreement (it being understood and acknowledged by Plaintiffs, OMSS, and Aboudi that City cannot execute the document until City Council returns to its normal meeting calendar as of mid-September, 2013 and thereafter formally approves Agreement by resolution or other similar means).

3.     **Submission of Settlement For Court Approval.**  Within fifteen (15) days of the end of the Agencies' review period and the City's execution of this Agreement, whichever is later, Plaintiffs will jointly move with OMSS, Aboudi, and the City for an Order from the United States District Court for the Northern District of California ("District Court") approving the settlement reflected in this Agreement.  The moving parties will cooperate with one another to address, through appropriate legal arguments, declarations, and/or other supporting materials any

negative comments submitted by the Agencies.  If the District Court does not to enter the Order approving this Agreement, any Party may elect to terminate its participation in this Agreement and so notify the other Parties.  In that event, the Settling Parties will promptly meet and confer in good faith to attempt to address any objections identified by the Court.  If the Settling Parties cannot agree to alter the settlement terms to resolve any such objections to the Court's satisfaction, this Agreement shall be null and void; the Settling Parties shall be restored to their positions as they existed on July 22, 2013; and they shall promptly submit a joint request for the Court to schedule a case management conference to reset discovery, pre-trial, and trial-related deadlines.

4.    **Stipulation to Dismiss and [Proposed] Order.**  Within five (5) days of the Court's order approving this Agreement and payment of all sums required by Paragraphs 13 and 14, below, Plaintiffs shall, pursuant to Federal Rule of Civil Procedure 41(a)(2), file a Stipulation to Dismiss with Prejudice and [Proposed] Order with the District Court and conforming to Exhibit B, hereto, with this Agreement attached and incorporated by reference, specifying that Plaintiffs are dismissing all claims in the Amended Complaint.  If the District Court for any reason does not enter an order dismissing this action with prejudice consistent with this Agreement, the payments required by Paragraphs 13 and 14 shall be promptly reversed; the Settling Parties will meet and confer in good faith to attempt to address whatever issues prevented the Court from confirming the dismissal; and if the Settling Parties cannot agree to alter the settlement terms to address the Court's concerns this Agreement shall be null and void, the Settling Parties shall be restored to their positions as they existed on July 22, 2013; and they shall promptly submit a joint request for the Court to schedule a case management conference to reset discovery, pre-trial, and trial-related deadlines.

5.    **No Opposition To The Interim Lease Or The LDDA**.  Plaintiffs, including their officers, directors, employees, and agents, each agree that they will not, directly or indirectly, file, finance, participate in, or support any legal challenge to the Interim Lease, the LDDA or similar document the gist of which is to provide for a truck parking/servicing facility comparable to the Facility and operated by OMSS or another Aboudi-affiliated entity.  Plaintiffs, their officers, directors, employees, and agents further agree not to, directly or indirectly, file, finance, participate in, or support any legal challenge to any land use approval or CEQA/NEPA document

issued in association with the Interim Lease, the LDDA or similar agreement concerning a site located proximate to the Oakland Army Base and/or the Port of Oakland (i.e. the area between Interstate 80 to the north, Frontage Road/Wood Street to the east, 7th Street to the south, and the San Francisco Bay shoreline to the west).  Plaintiffs' agreement to not file, finance, participate in, or support, directly or indirectly, any legal challenge to the Interim Lease, the LDDA or comparable document, and any associated CEQA or NEPA documents, applies only to the Interim Lease, any modification of that lease, and the LDDA or similar agreement currently being negotiated by the City and Aboudi that accomplishes the relocation of the OMSS Facility from the 11 Burma Road site.  Plaintiffs do not waive any rights to file any legal challenges to any other future leases, lease extensions, lease modifications, disposition and development agreements, or similar agreements between the City and Mr. Aboudi, OMSS or any other Aboudi-affiliated entity as well as any related CEQA or NEPA documents.

6.      This Agreement shall not impose any limitations on individuals who are merely members of a plaintiff organization.  Nor shall this Agreement prevent Plaintiffs, including their officers, directors, employees, and agents, from appearing at City Council meetings or similar public meetings to express their personal views, or an organization's views in opposition to the City maintaining an arrangement with OMSS comparable to the lease at the Facility.  This Agreement also is not intended to and does not affect the ability of Plaintiffs and individuals affiliated with them to meet privately with City Council members and City administrators and staff, including to state views in opposition to the City maintaining an arrangement with OMSS comparable to the lease at the Facility.

## COMMITMENTS OF DEFENDANTS

7.      **Compliance with General Permit.**  To the extent it continues to operate the Facility, OMSS agrees to operate the Facility in compliance with the applicable requirements of the General Permit and Clean Water Act.

8.      **Implemented Storm Water Controls**.  To the extent it continues to operate the Facility, OMSS shall maintain in good working order all storm water collection and treatment systems currently installed or to be installed pursuant to this Agreement, including but not limited to, existing housekeeping measures.

9.      **Additional Best Management Practices.**  Within Thirty (30) days of the Effective Date, and provided that it is still operating the Facility, OMSS shall implement the following structural best management practices ("BMPs") to improve the storm water pollution prevention measures at the maintenance area at the Facility:

a.      OMSS shall maintain the asphalt berm installed around the Facility's maintenance area and depicted on the map attached as Exhibit A.  The berm shall be no less than 5" in height made of asphaltic cement.  OMSS shall prevent any release of storm water from the Facility's maintenance area unless treated by the treatment system described below in Paragraph 9(c) below.

b.      OMSS shall maintain in good working order the existing storm water effluent treatment system.  The storm water effluent system shall have a capacity to treat all storm water falling within the bermed maintenance area during a one-hour duration, 2-year return interval storm event as calculated for the Port of Oakland area using the National Oceanic and Atmospheric Administration Atlas 14 Point Precipitation Frequency Estimates (see http://hdsc.nws.noaa.gov/hdsc/pfds/pfds_map_cont.html?bkmrk=ca).

c.      OMSS shall install and maintain in good working order a granular media filter after the storm water effluent treatment system as described in Exhibit C, which is hereby incorporated by reference.

d.      OMSS shall design removable covers which may be fabricated from various materials including but not limited to mesh, metal, rubber or vinyl for all drop inlets at the Facility to prevent the accumulation of dirt, leaves and other sediment.  The covers shall be placed over all drop inlets on or before July 1st at the end of each rainy season, subsequent to appropriate maintenance of the filters described above.  The covers shall be removed prior to the first rain event of the subsequent rainy season.  The covers shall be fitted to prevent such materials from entering the drop inlets and

8

designed such that the covers will remain firmly in place while there is normal activity at the Facility.

e.    OMSS shall ensure that no fueling activities occur at the Facility outside of the bermed maintenance area identified on Exhibit A.

f.    OMSS shall ensure that no tire changing or tire repair activities occur at the Facility outside of the bermed maintenance area identified on Exhibit A.

g.    OMSS shall ensure that no vehicle washing occurs at the Facility.

h.    OMSS shall install and maintain Triton filters described in Exhibit C in each and every drop inlet at the Facility outside of the bermed maintenance area.

i.    OMSS shall maintain the asphalt surface at the Facility by repairing pot holes in a manner that will maintain a reasonably even surface for sweeping in the parking lot.

10.    **Increased Housekeeping Measures.**  Within Thirty (30) days of the Effective Date, and provided that OMSS is still operating the Facility, OMSS shall institute the following accelerated sweeping schedule at the Facility:

a.    During the rainy season, OMSS shall conduct weekly sweeping of the accessible areas of the entire Facility, including the parking lot area, and the parking stalls.  OMSS shall conduct additional sweeping as needed prior to any anticipated storm events.

b.    OMSS shall include a narrative description of its sweeping program in the Storm Water Pollution Prevention Plan ("SWPPP").  Sweeper operators will be provided with a log sheet attached to a clip board which will be maintained at the Facility to document the dates and times that the sweepers are operated.  A sample blank log sheet will be included in the Facility's Annual Report and the SWPPP.

11.    **Amendment of SWPPP and SWMP.** Within thirty (30) days of the Effective Date, and provided it is still operating the Facility, OMSS shall amend the Facility's SWPPP and the Facility's Storm Water Monitoring Plan ("SWMP") to incorporate all changes, improvements, sample log forms, and best management practices set forth in or resulting from this Agreement. OMSS shall ensure that all maps, tables, and text comply with the requirements of the General Permit. OMSS shall ensure that the SWPPP describes all structural and non-structural BMPs, details the measures to be installed, and discusses why such BMPs will be effective in addressing the pollutant sources at the Facility. A copy of the amended SWPPP and SWMP shall be provided to Plaintiffs within thirty (30) days of completion. Specific improvements to the Facility's map include the following: identification of the storm water discharge locations, a key describing the symbols on the map, indication of the direction of storm water flows/drainage areas, indication of where materials are directly exposed to precipitation, and location of any structural control measures.

12.    **City Not Responsible For Paragraphs 7-11.** Plaintiffs agree that neither the City, nor ORSA, nor any Party or Entity other than OMSS shall have any responsibility or obligation to perform any of the measures called for in Paragraphs 7-11. Instead, Paragraphs 7-11 are binding only on Plaintiffs and OMSS.

13.    **Mitigation Payment.** In recognition of the good faith efforts by OMSS to comply with all aspects of the General Permit and the Clean Water Act, the Redevelopment Agency's assistance to OMSS with that effort, the upcoming rehabilitation and reconstruction of the storm water infrastructure at and near the former Oakland Army Base and the Port of Oakland, the current shortage in that area of workers with the training and skills needed to support the upcoming infrastructure rehabilitation and reconstruction process, and in lieu of payment by Defendants of any penalties which have been disputed but could have been assessed if this action had been adjudicated adverse to Defendants, the Settling Parties agree that Defendants will contribute Two-Hundred Thousand dollars ($200,000.00) to the West Oakland Job Resource Center ("WOJRC"), a public benefit entity that (1) as of the Effective Date is being formed to, among other things, develop and facilitate a local labor force able to support the reconstruction of storm water infrastructure, and other infrastructure, at the Oakland Army Base and (2) will be supervised by an oversight commission in which Plaintiffs Teamsters and

10

EBASE, or their affiliates, participate  (i.e., the same commission that will be enforcing the Community Jobs Policies and Cooperation Agreement in which certain Plaintiffs are parties). Defendants' contribution to WOJRC shall be made within thirty (30) days of the Court's order approving this Agreement as contemplated in Paragraph 3.  The funds shall be designated with a unique account number/code string maintained by the City until a qualified non-profit fiscal agent has been selected for WORJC pursuant to an upcoming (as of the Effective Date) RFP process.  The City shall provide notice to Plaintiffs pursuant to Paragraph 22, below, confirming the transfer and the account code corresponding to Defendants' contribution to WOJRC.  Subject to the oversight commission's supervision, City and the fiscal agent chosen through the RFP process will cause WOJRC to devote the funds provided by Defendants to developing within the local labor force pre-apprentice and apprentice training for and placement in positions focused on storm water infrastructure construction; storm water management system design, construction, and maintenance; and associated climate change response management for the Oakland Army Base, the Port of Oakland, and the industrial facilities in the industrial areas adjacent and/or near to the Army Base and Port.

14.     **Fees, Costs, and Expenses**.  As reimbursement for Plaintiff's investigative, expert and attorneys' fees and costs, Defendants shall pay Plaintiffs the sum of One Hundred Thousand dollars ($100,000.00).  Payment shall be made by Defendants within thirty (30) calendar days of the Court's order approving this Agreement as contemplated in Paragraph 3. Payment by Defendants to Plaintiffs shall be made in the form of a single check payable to "Lozeau Drury LLP," and shall constitute full payment for all costs of litigation, including investigative, expert and attorneys' fees and costs incurred by Plaintiffs that have or could have been claimed in connection with Plaintiffs' claims, up to and including the filing of the Stipulation to Dismiss with Prejudice and [Proposed] Order as contemplated in Paragraph 4 of this Agreement.

15.     **Allocation Among Defendants**.  The allocation of the Mitigation Payment, Fees, Costs, and Expenses as between the City, OMSS, and William Aboudi will be addressed in an agreement involving only those three Parties and not Plaintiffs.

## OTHER PROVISIONS

16.    **Review by Federal Agencies.**  The Agencies' review period expires forty-five (45) days after receipt of the Agreement by both Agencies, as evidenced by the return receipts, copies of which shall be provided to the Settling Parties upon receipt by Plaintiffs.  In the event that the Agencies comment negatively on the provisions of this Agreement, the Settling Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Agencies.  If the Settling Parties are unable to resolve any issue(s) raised by the Agencies in their comments, the Settling Parties agree to expeditiously seek a settlement conference or mediation to resolve the issue(s).

17.    **No Admissions.**  With the limited exception of the admissions made by OMSS in the above Recitals, which may not be used at trial (should this action proceed to trial) or contrary to the provisions in Paragraph 5, above, neither this Agreement nor any payment pursuant to the Agreement shall constitute evidence or be construed as a finding, adjudication, or acknowledgment of any fact, law or liability, nor shall it be construed as an admission of contravention of any law, rule or regulation.  However, this Agreement and/or any payment pursuant to the Agreement may constitute evidence in actions seeking compliance with this Agreement.

18.    **Release and Covenant Not To Sue.**  In consideration of the above, and except as otherwise provided by this Agreement, Plaintiffs hereby forever and fully release OMSS, Aboudi, Redevelopment Agency, ORSA, and the City, and each of them, including their respective successors, assigns, officers, agents, employees, and all persons, firms and corporations having an interest in them, from any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, actions or causes of action, either at law or in equity, which the Plaintiffs have arising from or relating to Plaintiffs' allegations and claims as set forth in the 60-Day Notice Letters and First Amended Complaint for violations alleged to have occurred at the Facility up to and including the Effective Date of this Agreement. Plaintiffs' acknowledge that they are familiar with section 1542 of the California Civil Code, which provides:

12

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs' hereby waive and relinquish any rights or benefits they may have under California Civil Code section 1542 with respect to any other claims against each other arising from, or related to, the allegations and claims as set forth in the 60-Day Notice Letters and First Amended Complaint for violations alleged to have occurred at the Facility up to and including the Effective Date of this Agreement.

## GENERAL PROVISIONS

19.     **Construction.** The language in all parts of this Agreement shall be construed according to its plain and ordinary meaning, except as to those terms defined by law, in the General Permit, the Clean Water Act or specifically herein. The District Court shall retain jurisdiction over the Parties and the subject matter to resolve any disputes arising out of or concerning the interpretation of this Agreement.

20.     **Choice of Law.** This Agreement shall be governed by the laws of the United States, and where applicable, the laws of the State of California.

21.     **Severability.** In the event that any provision, section, or sentence of this Agreement is held by a court to be unenforceable, the validity of the remaining provisions shall not be adversely affected provided that the partial invalidation does not substantially impair the consideration to be received by any Party.

22.     **Correspondence.** All notices required herein or any other correspondence pertaining to this Agreement shall be sent by regular, certified, or overnight mail as follows:

If to Plaintiffs:

Lisa H. Mador
Northern California River Watch
500 North Main Street, Suite 110
Sebastopol, CA 95472
Lhm28843@sbcglobal.net

Douglas Bloch
Teamsters Local 70
400 Roland Way
Oakland, CA  94621
Doug@teamjc7.org

Nikki Fortunato Bas, Executive Director
East Bay Alliance For A Sustainable Economy
1814 Franklin Street, Suite 325
Oakland, CA  94612
nikki@workingeastbay.org

And to:

Michael R. Lozeau
Lozeau Drury LLP
410 12th Street, Suite 250
Oakland, CA  94607
Tel:  (510) 836-4200
michael@lozeaudrury.com

If to OMSS and William Aboudi:

William Aboudi
Oakland Maritime Support Services, Inc.
2240 Wake Avenue
Oakland, CA  94607
bill@oaklandMmss.com

And to:

Meredith E. Brown
Bryant & Brown
476 Third Street
Oakland, CA  94607
meredithbrown@bryantbrownlaw.com

If to the City or ORSA:

Al Auletta
Program Manager
Office of Economic and Workforce Development
Office of Neighborhood Investment
250 Frank H. Ogawa Plaza, Suite 3315
Oakland, CA  94612
AAuletta@oaklandnet.com

And to:

Robert P. Doty
Cox, Castle & Nicholson
555 California Street, 10th Floor
San Francisco, CA 94104-1513
rdoty@coxcastle.com

Notifications of communications shall be deemed submitted on the date that they are e-
mailed and postmarked and sent by first-class mail or deposited with an overnight mail/delivery
service. Any change of address or addresses shall be communicated in the manner described
above for giving notices.

23.   **Counterparts.** This Agreement may be executed in any number of counterparts,
all of which together shall constitute one original document. Telecopied, scanned (.pdf), and/or
facsimiled copies of original signature shall be deemed to be originally executed counterparts of
this Agreement.

24.   **Assignment**. Subject only to the express restrictions contained in this
Agreement, all of the rights, duties and obligations contained in this Agreement shall inure to the
benefit of and be binding upon the Settling Parties and their successors and assigns.

25.   **Modification of the Agreement:** This Agreement, and any provisions herein,
may not be changed, waived, discharged or terminated unless by a written instrument, signed by
the Settling Parties.

26.   **Full Settlement.** This Agreement constitutes a full and final settlement of this
matter. It is expressly understood and agreed that the Agreement has been freely and voluntarily
entered into by the Settling Parties with and upon advice of counsel.

27.   **Integration Clause.** This Agreement is the full and complete statement of the
terms and conditions agreed to by Settling Parties, and it supersedes any and all prior oral or
written agreements covenants, representations and warranties (express or implied) concerning
the subject matter of this Agreement.

28.    **Authority.**  The undersigned representatives of each Settling Party certifies that he/she is fully authorized by the Party whom he/she represents to execute this Agreement and bind his/her organization to the terms and conditions provided in this Agreement.

The Settling Parties hereby enter into this Agreement.

Date: _10 / 31_ , 2013          OAKLAND MARITIME SUPPORT SERVICES, INC.
                                 AND WILLIAM ABOUDI

                                 By: _Bill Aboudi_
                                 Title: _President_

Date:_____, 2013          OAKLAND REDEVELOPMENT SUCCESSOR
                                 AGENCY

                                 By: _____
                                 Title: _____

Date:_____, 2013          THE CITY OF OAKLAND

                                 By: _____
                                 Title: _____

Date:_____, 2013          NORTHERN CALIFORNIA RIVER WATCH

                                 By: _____
                                 Title: _____

28.   **Authority.**  The undersigned representatives of each Settling Party certifies that he/she is fully authorized by the Party whom he/she represents to execute this Agreement and bind his/her organization to the terms and conditions provided in this Agreement.

The Settling Parties hereby enter into this Agreement.

Date: 10 / 31 , 2013     OAKLAND MARITIME SUPPORT SERVICES, INC.
AND WILLIAM ABOUDI

By: _____
Title: _____

Date: 12/12 , 2013     OAKLAND REDEVELOPMENT SUCCESSOR AGENCY

By: _____
Title: _____

Date: 12/12 , 2013     THE CITY OF OAKLAND

By: _____
Title: _____

Date: _____, 2013     NORTHERN CALIFORNIA RIVER WATCH

By: _____
Title: _____

16

28. **Authority.** The undersigned representatives of each Settling Party certifies that he/she is fully authorized by the Party whom he/she represents to execute this Agreement and bind his/her organization to the terms and conditions provided in this Agreement.

The Settling Parties hereby enter into this Agreement.

Date: _____, 2013    OAKLAND MARITIME SUPPORT SERVICES, INC. AND WILLIAM ABOUDI

By: _____
Title: _____

Date: _____, 2013    OAKLAND REDEVELOPMENT SUCCESSOR AGENCY

By: _____
Title: _____

Date: _____, 2013    THE CITY OF OAKLAND

By: _____
Title: _____

Date: _10·29_____, 2013    NORTHERN CALIFORNIA RIVER WATCH

By: _Margaret Bacigalupi_
Title: _Board President_

16

Date: 11 | 5 ____, 2013

TEAMSTERS LOCAL 70

By: Doug Block
Title: Politkal Coordingtor

Date: _____, 2013

EAST BAY ALLIANCE FOR A SUSTAINABLE
ECONOMY

By: _____
Title: _____

**APPROVED AS TO FORM:**

For DEFENDANTS OAKLAND MARITIME SUPPORT
SERVICES, INC. AND WILLIAM ABOUDI

Date: _____, 2013

BRYANT & BROWN

By:    Meredith E. Brown, Esq.

For DEFENDANTS OAKLAND REDEVELOPMENT
SUCCESSOR AGENCY AND CITY OF OAKLAND

Date: _____, 2013

COX, CASTLE & NICHOLSON

By:    Robert P. Doty, Esq.

For PLAINTIFFS

Date: _____, 2013

LOZEAU DRURY LLP

By:    Michael R. Lozeau, Esq.

062326\5497505v8

Date:_____, 2013        TEAMSTERS LOCAL 70

By: _____
Title: _____

Date: 10-31-13, 2013        EAST BAY ALLIANCE FOR A SUSTAINABLE
                            ECONOMY

By: Niki F. Bas
Title: Executive Director

**APPROVED AS TO FORM:**

                            For DEFENDANTS OAKLAND MARITIME SUPPORT
                            SERVICES, INC. AND WILLIAM ABOUDI

Date: 10-31-13, 2013        BRYANT & BROWN

                            By: Meredith E. Brown, Esq.


                            For DEFENDANTS OAKLAND REDEVELOPMENT
                            SUCCESSOR AGENCY AND CITY OF OAKLAND

Date: _____, 2013    COX, CASTLE & NICHOLSON

                            By:    Robert P. Doty, Esq.

                            For PLAINTIFFS
Date: _____, 2013    LOZEAU DRURY LLP

                            By:    Michael R. Lozeau, Esq.

062326\5497505v8

17

Date:_____, 2013  TEAMSTERS LOCAL 70


By: _____
Title: _____


Date:_____, 2013  EAST BAY ALLIANCE FOR A SUSTAINABLE
           ECONOMY


By: _____
Title: _____


**APPROVED AS TO FORM:**

       For DEFENDANTS OAKLAND MARITIME SUPPORT
       SERVICES, INC. AND WILLIAM ABOUDI

Date: _10-31-13_, 2013   BRYANT & BROWN


By:  Meredith E. Brown, Esq.


       For DEFENDANTS OAKLAND REDEVELOPMENT
       SUCCESSOR AGENCY AND CITY OF OAKLAND

Date: _____, 2013  COX, CASTLE & NICHOLSON


By:  Robert P. Doty, Esq.


       For PLAINTIFFS

Date: _____, 2013  LOZEAU DRURY LLP


By:  Michael R. Lozeau, Esq.

062326\5497505v8

17

Date:_____, 2013          TEAMSTERS LOCAL 70


                                    By: _____
                                    Title: _____

Date:_____, 2013          EAST BAY ALLIANCE FOR A SUSTAINABLE
                                    ECONOMY


                                    By: _____
                                    Title: _____

**APPROVED AS TO FORM**:

                                    For DEFENDANTS OAKLAND MARITIME SUPPORT
                                    SERVICES, INC. AND WILLIAM ABOUDI

Date: _____, 2013              BRYANT & BROWN


                                    By:    Meredith E. Brown, Esq.


                                    For DEFENDANTS OAKLAND REDEVELOPMENT
                                    SUCCESSOR AGENCY AND CITY OF OAKLAND

Date:  N∞ 22     , 2013             COX, CASTLE & NICHOLSON


                                    By:    Robert P. Doty, Esq.


                                    For PLAINTIFFS

Date: _____, 2013         LOZEAU DRURY LLP


                                    By:    Michael R. Lozeau, Esq.

Date: _____, 2013          TEAMSTERS LOCAL 70


By: _____
Title: _____


Date: _____, 2013          EAST BAY ALLIANCE FOR A SUSTAINABLE
                                 ECONOMY


By: _____
Title: _____


**APPROVED AS TO FORM:**

                                 For DEFENDANTS OAKLAND MARITIME SUPPORT
                                 SERVICES, INC. AND WILLIAM ABOUDI

Date: _____, 2013          BRYANT & BROWN


By:    Meredith E. Brown, Esq.


                                 For DEFENDANTS OAKLAND REDEVELOPMENT
                                 SUCCESSOR AGENCY AND CITY OF OAKLAND

Date: _____, 2013          COX, CASTLE & NICHOLSON


By:    Robert P. Doty, Esq.


                                 For PLAINTIFFS

Date: _Nov. 5___, 2013           LOZEAU DRURY LLP


By:    Michael R. Lozeau, Esq.

062326\5497505v8

17

# EXHIBIT A

# EXHIBIT A



**Revel Environmental Manufacturing Inc.**

960-B Detroit Avenue
Concord, California 94518
sales@remfilters.com
www.remfilters.com

Phone (888) 526 4736
Phone (925) 676 4736
Fax   (925) 676 8676
Lic. No. 857410

# OMSS - Oakland
## 11 Burma Rd



Prepared by Marcel Sloane, REM Inc., 3-26-2010



# CONTAINMENT AREA

Total Area = 17,675 sq. ft.

**Sustainable Technologies**
OMSS SWPPP
11 Burma Rd. Oakland CA
Detail

DATE: 2010
SCALE: 1/2" = 12'
BY: E.M.

Sustainable Technologies
www.sustech.cc
510.523.1122

1 — STORM DRAIN
F — FIRE EXTINGUISHER
S — SPILL KIT
H — FIRE HYDRANT
SP — SAMPLING POINT
→ FLOW DIRECTION
E — ELECTRICAL SHUT-OFF
···· RIDGE

PROPERTY LINE
MARITIME ST.
Tire Storage
Tarp Roof
Mechanic Shop
CTS Tires
Tire Shop
Roof
Oil Change Container
Oil Change Area Roof
Eyewash Station
1000 gal Double Wall Used Oil Tank
ALLEY
Storage Container
400 gal Double Containment Chevron Oil Tank
Storage Container
1" Galv Sump Pipe To be installed inside asphalt berm
Sump
New Asphalt Berm
Sump
Oil / Water Separator
1000 Lbs Carbon Vessel
To Storm Drain
A
A'
SP
ALASKA ST.    MAIN DRIVEWAY

0  10  20     50        100
Scale (ft)

N

# EXHIBIT B

# EXHIBIT B

1   Michael R. Lozeau (State Bar No. 142893)
    Richard T. Drury (State Bar No. 163559)
2   Douglas J. Chermak (State Bar No. 233382)
    LOZEAU DRURY LLP
3   410 12th Street, Suite 250
    Oakland, CA 94607
4   Tel: (510) 836-4200
    Fax: (510) 836-4205 (fax)
5   E-mail: michael@lozeaudrury.com
            doug@lozeaudrury.com
6
    Attorneys for Plaintiffs
7   NORTHERN CALIFORNIA RIVER WATCH,
    TEAMSTERS LOCAL 70, and EAST BAY
8   ALLIANCE FOR A SUSTAINABLE ECONOMY

9
                    **UNITED STATES DISTRICT COURT**
10
                    **NORTHERN DISTRICT OF CALIFORNIA**
11

12  NORTHERN CALIFORNIA RIVER WATCH,        Case No.: 4:10-cv-3912  CW-JSC
    a non-profit corporation; TEAMSTERS
13  LOCAL 70, a labor organization; and EAST   **STIPULATION TO DISMISS**
    BAY ALLIANCE FOR SUSTAINABLE            **PLAINTIFF'S CLAIMS WITH**
14  ECONOMY, a non-profit organization,     **PREJUDICE; [PROPOSED] ORDER**
                                            **GRANTING DISMISSAL WITH**
15                      Plaintiffs,         **PREJUDICE**

16              v.                          [FRCP 41(a)(2)]

17                                          Hon. Chief Judge Claudia Wilken
    OAKLAND MARITIME SUPPORT
18  SERVICES, INC., a corporation; WILLIAM
    ABOUDI, an individual; JORGE GONZALEZ
19  RIVERA d.b.a. CHRISTIAN BROTHERS
    TRUCK SERVICES, an individual;
20  REDEVELOPMENT AGENCY OF THE CITY
    OF OAKLAND, a local public agency; and the
21  CITY OF OAKLAND, a municipality,

22                      Defendants.

23

24          WHEREAS, on or about February 17, 2010, Plaintiff Northern California River Watch

25  ("NCRW") provided Oakland Maritime Support Services, Inc. ("OMSS"), William Aboudi, and

26  a number of OMSS subtenants with a Notice of Violation and Intent to File Suit ("60-Day Notice

27

28

                                        1

Letter") under Section 505 of the Federal Water Pollution Control Act (the "Act" or "Clean Water Act"), 33 U.S.C. § 1365;

WHEREAS, on August 31, 2010, NCRW filed its Complaint in the United States District Court for the Northern District of California against OMSS, William Aboudi, and Jorge Gonzalez Rivera d.b.a. Christian Brothers Truck Services ("Christian Brothers") (*Northern California River Watch v. Oakland Maritime Support Services, Inc., et al.*, Case No. 4:10-cv-3912 CW-JSC);

WHEREAS, on or about September 2, 2010, NCRW, Teamsters Local 70, and East Bay Alliance For Sustainable Economy ("E-BASE") (collectively "Plaintiffs") provided OMSS, William Aboudi, Christian Brothers, Redevelopment Agency of the City of Oakland, the City of Oakland ("City"), the City's Community and Economic Development Agency, and others with an additional Notice of Violation and Intent to File Suit under Section 505 of the Clean Water Act;

WHEREAS, on November 2, 2010, Plaintiffs filed a First Amended Complaint adding the Redevelopment Agency, the City, and the Community and Economic Development Agency as defendants;

WHEREAS, on February 23, 2011, Plaintiffs voluntarily dismissed the City and the Community and Economic Development Agency as defendants in the action;

WHEREAS, the Redevelopment Agency has, by operation of statute, been replaced in this litigation by the Oakland Redevelopment Successor Agency;

WHEREAS, on October 23, 2013, the Parties and the City filed a stipulation to add the City back in as a defendant in this action;

WHEREAS, Plaintiffs and Defendants, through their authorized representatives and without adjudication of Plaintiffs' claims, have chosen to resolve in full by way of settlement the

1   allegations of Plaintiffs as set forth in the Notices and First Amended Complaint, thereby

2   avoiding the costs and uncertainties of further litigation.  A copy of the Settlement Agreement

3   and Release of Claims ("Settlement Agreement"), without the attached exhibits, entered into by

4   and between Plaintiffs and Defendants is attached hereto as Exhibit 1 and incorporated by

5   reference; and

6

7         WHEREAS, the parties submitted the Settlement Agreement via certified mail, return

8   receipt requested, to the U.S. EPA and the U.S. Department of Justice, the 45-day review period

9   set forth at 40 C.F.R. § 135.5 has been, and the Court has granted the parties' motion to approve

10  the settlement.

11        NOW THEREFORE, IT IS HEREBY STIPULATED and agreed to by and between the

12  parties that Plaintiffs' claims, as set forth in the Notices and Complaint, be dismissed with

13  prejudice.  The parties respectfully request an order from this Court dismissing such claims with

14  prejudice.  In accordance with paragraphs 4 and 19 of the Settlement Agreement, the parties also

15  request that this Court maintain jurisdiction over the parties, for the sole purpose of resolving any

16

17  disputes between the parties with respect to enforcement of any provision of the Settlement

18  Agreement.

19  Dated: December __, 2013

20

21                                          /s/ *Michael R. Lozeau*
                                            MICHAEL R. LOZEAU
22                                          Attorney for Plaintiffs

23  Dated: December __, 2013

24                                          /s/ *Meredith E. Brown*
                                            (as authorized on ____/2013)
25                                          MEREDITH E. BROWN
                                            Attorney for Defendants
26                                          OAKLAND MARITIME SUPPORT
                                            SERVICES, INC. and WILLIAM ABOUDI
27

28

                                    3

1   Dated: December ___, 2013

2

3                                    /s/ *Robert Doty*
                                     _____
4                                    (as authorized on _____/2013)
                                     ROBERT P. DOTY
                                     Attorney for Defendant
5                                    OAKLAND REDEVELOPMENT
                                     SUCCESSOR AGENCY and CITY OF
6                                    OAKLAND

7

8                           [PROPOSED] ORDER

9   Good cause appearing, and the parties having stipulated and agreed,

10          IT IS HEREBY ORDERED that Plaintiffs Northern California River Watch's, Teamsters

11  Local 70's, and East Bay Alliance For Sustainable Economy's claims against Defendants

12  Oakland Maritime Support Services, Inc., William Aboudi, Jorge Gonzalez Rivera d.b.a.

13  Christian Brothers Truck Services, Oakland Redevelopment Successor Agency, and the City of

14  Oakland, as set forth in the Notices and First Amended Complaint filed in Case No. 4:10-cv-

15  3912 CW-JSC, are hereby dismissed with prejudice.

16          IT IS FURTHER ORDERED that the Court shall retain jurisdiction over the parties for

17  the sole purpose of enforcing compliance by the parties of the terms of the Settlement

18  Agreement, attached to the parties' Stipulation to Dismiss as Exhibit 1.

19

20  PURSUANT TO STIPULATION, IT IS SO ORDERED.

21

22  Dated: _____, 2013

23                                   _____
                                     Hon. Claudia Wilken
24                                   United States District Chief Judge

25  062326\5766182v2

26

27

28

                                          4

# EXHIBIT C

**Sustainable Technologies**
**OMSS SWPPP**
**11 Burma Rd. Oakland CA**
**Detail**

| DATE: | 2010 |
|---|---|
| SCALE: | 1/2" = 12' |
| BY: | E.M. |



**Sustainable Technologies**
www.sustech.cc
510.523.1122

**Project Description: OMSS truck Repair area Stormwater Collection and containment Berm**

This project is the first phase of the OMSS' truck repair area storm water collection and treatment structure. This project consists in the installation of two 24"x 24" 24" traffic rated sumps connected by a 6" sloping pipe.

A containment berm; as shown in the attached drawing will be installed to prevent any liquids to leave the area. The water from second sump will be pump using a diagram pump. The storm water will be piped to the treatment area in an underground 1" PVC sch40 pipe. An Oil water separator and carbon filter will be placed in treatment area to treat the storm water before discharging it to the storm drain.



INSET A

CROSS VIEW A-A'

GRADE

SUMP #1

DISCHARGE FLOWS

SUMP #2

# TRITON FILTER™



**Product**

**Specification**

## CATCH BASIN FILTER INSERT



MODEL TR24SR

### THE TRITON FILTER

- Non-reactive High Density Poly-ethylene (HDPE) plastic construction, with U.V. inhibitors.

- Round, Square, Rectangular, Low Profile and Custom models.

- Dual Stage and Dual Capacity Filters are also available.

- Quick and easy servicing made available by replaceable Media-Paks.

- Filter Media-Pak available for the removal of hydrocarbons, metals, sand, silt, and litter.

- Disposable Filter Media-Pak is constructed from durable geotextile, polyproplene fabric.

- Media-Pak can be interchanged with Geo-Trap series as site conditions change.

- Media is nonhazardous, per EPA and OSHA standards.

- Patented design with high nominal flow and high overflow capacities.

- Easy to install in new and existing catch basins.

- Meets Best Available Technology (BAT) for use in Stormwater Best Management Practices (BMP).

- Maintenance contracts, including recycling of all spent absorbents are available.

- Servicing of filters on a regular basis is a requirement to meet most local and state BMP's.

### TRITON CATCH BASIN FILTER INSERT

REM has developed the TRITON Catch Basin Insert to help eliminate hydrocarbons and other contaminants such as metals, sand, silt and litter from stormwater runoff.

The TRITON is designed to be inserted below the grate of storm drain inlets.

**Patent No. 6,217,757**

### REM - HELPING KEEP YOUR WATERWAYS CLEAN

*The most recent National Water Quality Inventory reports that runoff from urban areas is the leading source of impairments to surveyed estuaries and the third largest source of water quality impairments to surveyed lakes. In addition, population and development trends indicate that by 2010 more than half of the Nation will live in coastal towns and cities. Runoff from these rapidly growing urban areas will continue to degrade coastal waters.[1]*

[1]Environmental Protection Agency's Office of Water EPA841–F–96–004G

**Revel Environmental Manufacturing, Inc.**
www.remfilters.com
888-526-4736



MADE IN U S A

# TRITON FILTER™ CATCH BASIN INSERT



TRITON MEDIA CARTRIDGE



DIMENSIONAL SPECIFICATIONS

## STANDARD DIMENSIONS (IN INCHES)

| | A* | B* | C | D | E | F | G* | CARTRIDGES |
|---|---|---|---|---|---|---|---|---|
| TR1212 | 13 | 13 | 11 | 11 | 6.75 | 3.75 | 5.5 | 1 |
| TR1212RD | 13 DIA. | | 11 DIA. | | 6.75 | 3.75 | 5.5 | 1 |
| TR1616 | 18 | 18 | 14 | 14 | 6.75 | 3.75 | 10.5 | 1 |
| TR1818 | 20 | 20 | 17 | 17 | 10.5 | 7.25 | 10.5 | 1 |
| TR18RD | 20 DIA. | | 16.5 DIA. | | 6.75 | 3.75 | 10.5 | 1 |
| TR1824 | 19 | 25 | 17 | 17 | 10.5 | 7.25 | 10.5 | 1 |
| TR2024 | 21 | 25 | 17 | 17 | 10.5 | 7.25 | 10.5 | 1 |
| TR24SR | 26 | 26 | 21 | 21 | 14 | 11 | 13 | 1 |
| TR24RD | 26 DIA. | | 21 DIA. | | 14 | 11 | 13 | 1 |
| TR2436 | 26 | 38 | 17 | 30 | 10.5 | 7.25 | 10.5 | 2 |
| TR3030 | 33 | 33 | 21 | 21 | 14 | 11 | 13 | 1 |
| TR36SR | 40 | 40 | 33 | 33 | 14 | 11 | 22 | 1 TALL |
| TR36RD | 40 DIA. | | 30 DIA. | | 14 | 11 | 22 | 1 TALL |
| TR2448 | 26 | 52 | 21 | 42 | 14 | 11 | 13 | 2 |
| TR4848 | 52 | 52 | 42 | 42 | 24 | 20 | 22 | 1 TALL |

\* Note:  Dimension "G" is filter depth.
          Dimensions "A" and "B" can be adjusted to suit varying sizes of catch basins.



**NOTES:**

1. All dimensions are in inches.
2. Units are constructed from High Density Polyethylene Plastic with U.V. inhibitors.
3. Media Cartridges can be interchanged with Geo-Trap series as site conditions change.
4. Low profile filters are also available for shallow catch basins.
5. Custom sizes are available to fit most applications. Please call a distributor near you for details.
6. Optional TDG series Trash & Debris Guard also available.
7. Dual stage and dual capacity filters also available.



**Revel** *Environmental Manufacturing Inc.*
sales@remfilters.com    (888) 526-4736    Lic. No. 857410

Northern California
960-B Detroit Avenue
Concord, California 94518
P: (925) 676-4736
F: (925) 676-8676
www.remfilters.com

Southern California
2110 South Grand Avenue
Santa Ana, California 92705
P: (714) 557-2676
F: (714) 557-2679



**Distributed By:**